UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

WESLEY BLAKENEY,

    Petitioner,

v.

W. HUTCHINGS,

    Respondent.

Civil Action No. 6:17-135-KKC

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Wesley Blakeney pled guilty in 2009 to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. *See United States v. Wesley Blakeney*, No. 4:09-cr-229 (D.S.C. 2009). The trial court determined that Blakeney was a career offender under the federal sentencing guidelines and, accordingly, it sentenced him to 140 months in prison. *See id.* Blakeney is now an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Blakeney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he attacks his 140-month sentence. [R. 1]. Ultimately, Blakeney argues that trial court erred when it determined that his prior criminal history subjected him to an enhanced sentence under the guidelines.

Blakeney's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the

prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Blakeney cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, under certain limited circumstances, a prisoner may challenge his sentence in a § 2241 petition. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, the Sixth Circuit has explained that this is only true when the prisoner was sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2006). That is clearly not the case here as the trial court sentenced Blakeney in 2009, well after the Supreme Court decided *Booker*. Therefore, Blakeney's § 2241 petition is unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Blakeney's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated March 21, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY